IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-po-7008-SKC

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ALEXANDER KAGANAS,

       Defendant.

---

**MOTION TO SUPPRESS STATEMENTS AND FOR AN EVIDENTIARY HEARING**

---

Dr. Kaganas, through undersigned counsel, respectfully requests the Court suppress the statements made on February 3, 2019

### Statement of Facts

On February 3, 2019, Dr. Kaganas arrived at Denver International Airport from Newark. Two uniformed police officers and one in plain clothes were waiting for him on the jetway when he arrived. As he exited the plane, a flight attendant identified Dr. Kaganas to the officer. The police officers told Dr. Kaganas to "come with them" and directed him to a location in the terminal where he was ordered to stand against the wall while they asked him questions. The officers also asked for and took possession of his identification for the duration of the interrogation. During the interrogation, the officers asked Dr. Kaganas a series of questions about "an issue on the plane." This

questioning occurred for a number of minutes before Dr. Kaganas was read his *Miranda* rights.  Both before and after his *Miranda* rights were read, Dr. Kaganas made potentially incriminating statements.

Applicable Law and Argument

The Fifth Amendment to the United States Constitution grants an accused the right against self-incrimination. U.S. Const. amend V. This right applies to police interactions when a person is subjected to "custodial interrogation." *Miranda v. Arizona*, 384 U.S. 436 (1966). If a person is subjected to custodial interrogation by law enforcement, and they have not been properly advised pursuant to *Miranda*, then the statements made by a defendant may not be admitted for certain purposes at trial. *Id.* at 492.

The *Miranda* analysis breaks down into a two-part question of whether a person is in custody and whether they are subjected to interrogation.  A suspect is in custody for *Miran*da purposes when his freedom of action is curtailed to a degree associated with formal arrest.  *Miranda's* "in custody" requirement is measured objectively.  That is, the proper inquiry is whether a reasonable person in the suspect's position would have understood his situation as the functional equivalent of formal arrest. *See United States v. Hudson,* 210 F.3d 1184, 1190 (10th Cir. 200).

If the conditions of custodial interrogation are present, then an officer is obligated to advise a suspect pursuant to the warnings articulated in *Miranda*. If so advised, a suspect may waive the rights articulated in the *Miranda* warnings as long as

2

that waiver is done voluntarily, knowingly, and intelligently. 384 U.S. at 444. The government bears the burden of proving by a preponderance of the evidence that a *Miranda* waiver was obtained properly. *Colorado v. Connelly*, 479 U.S. 157, 169 (1986).

When a defendant has been advised of his *Miranda* rights, it is the prosecution's burden to demonstrate that defendant knowingly and voluntarily waived those rights. *Berghuis v. Thompkins*, 560 U.S. 360, 383 (2010).  Absent this showing, a statement made during custodial interrogation is inadmissible at trial.  *Id.* In evaluating whether a defendant "knowingly and voluntarily" waived his *Miranda* rights, the prosecution must demonstrate that the waiver was:

(1) Voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception; and

(2) Made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

*Id.*

Further, even when a defendant's *Miranda* rights are not violated, the court must still conduct a Fifth Amendment inquiry into the voluntariness of any statement.  *United States v. Roman-Zarate*, 115 F.3d 778, 783 (10th Cir. 1997).  This is done by looking at the totality of the circumstances.  *United States v. Glover*, 104 F.3d 1570, 1579 (10th Cir. 1997). Factors to be considered are: (1) age, intelligence, and education of the defendant; (2) the length of any detention; (3) the length and nature of questioning; (4) whether the defendant was advised of his constitutional rights and (5) whether the defendant was subjected to any physical punishment; and (6) the tactics, if any, employed by the

officers.  *See Id.; see United States v. Chalan*, 812 F.2d 1302, 1307 (10th Cir. 1987).

As can be seen on the body camera footage, attached to this motion as Exhibits A (INV0023) and B (INV0026), Dr. Kaganas was in police custody from the moment he deplaned.  *See Stansbury v. California*, 511 U.S. 318, 322 (1994) (discussing what constitutes custody).  No reasonable person would have felt that he was free to leave, or that he was not in custody, when officers: (1) were waiting on the jetway for him when his plane arrived; (2) ordered him to come with them; (3) directed him to a location to stand against a wall; (4) stood on either side of him so he could not walk away; and (4) took and retained possession of his identification.  *Id.*

While in custody, Dr. Kaganas was subjected to interrogation before he was read his *Miranda* rights.  Specifically, Dr. Kaganas was asked about "an issue" on the plane, as well as his level of intoxication and where his seat was located. These are statements that a reasonable officer would know are likely to elicit an incriminating response and should be suppressed. *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

Additionally, although the officers eventually read Dr. Kaganas his *Miranda* rights during the interrogation, and he appeared to waive them, the waiver was not voluntarily, intelligently or knowingly provided as it was the product of coercion. Specifically, Dr. Kaganas was essentially threatened with arrest when, immediately after the office concluded the advisement, Dr. Kaganas asked: "am I under arrest?" and the officer responded: "not yet."  *See* Ex. A, at 9:30.  The implicit message was that if Dr.

4

Kaganas did not state that he waived his rights and wanted to talk that he would be arrested.  That cannot be the basis of a voluntary, intelligent or knowing waiver.

## Conclusion

For the reasons set forth above, Dr. Kaganas respectfully requests the Court suppress the statements he made on February 3, 2019.  Dr. Kaganas requests the Court set an evidentiary hearing on this motion.

Respectfully submitted this 16th day of March, 2020.

*s/ Marci G. LaBranche*
Marci G. LaBranche
Stimson Stancil LaBranche Hubbard, LLC
1652 Downing Street
Denver, Colorado  80218
Phone/Fax: 720-689-8909
Email: labranche@sslhlaw.com

*s/ Shanelle Kindel*
Shanelle Kindel
Ridley, McGreevy & Winocur, PC
303 16th Street, Ste. 200
Denver, CO 80202
Phone: 303-629-9700
Fax: 303-629-9702
Email: kindel@ridleylaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of March, 2020, a true and correct copy of the foregoing **MOTION TO SUPPRESS STATEMENTS AND FOR AN EVIDENTIARY HEARING** was filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

                                                      *s/ Holli Baker*